```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

THEODUS HUNT,

    Petitioner,

v.                                      Case No. 2:21-cv-192-JES-KCD

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____

## OPINION AND ORDER

This case is before the Court on an amended pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Theodus Hunt ("Petitioner" or "Hunt"), a prisoner of the Florida Department of Corrections. (Doc. 9). The Secretary of the Florida Department of Corrections ("Respondent") filed a response in opposition to the petition asking the Court to dismiss it as untimely filed. (Doc. 17). Hunt filed a reply arguing that he is entitled to equitable tolling of the statute of limitations. (Doc. 20).

After carefully reviewing the parties' briefs and the case record, the Court concludes that it cannot reach the merits of Hunt's claims because his petition must be dismissed with prejudice as untimely filed.

## I. Background and Procedural History

On January 24, 1974, Hunt pleaded guilty to non-capital rape of a child, and he was sentenced to life in prison. (Doc. 17-2 at 7-8). The conviction and sentence were affirmed by the state appellate court on January 15, 1975. (Id. at 9-12).

Hunt was released from prison and placed on parole on December 14, 1982. (Doc 17-2 at 14). However, on January 14, 2009, his parole was revoked upon a finding that he had committed sexual battery on a person younger than twelve years of age. (Id.) He was re-imprisoned in the Department of Corrections. (Id.)

On March 23, 2009, Hunt filed a motion to correct an illegal sentence. (Doc. 17-2 at 30-36). The state court denied the motion (id. at 50-51), and Florida's Second District Court of Appeal ("Second DCA") affirmed per curiam. (Id. at 69); Hunt v. State, 25 So. 3d 1235 (Fla. 2d DCA 2009). Mandate issued on January 20, 2010. (Id. at 71).

Hunt filed a motion for release on November 29, 2010. (Doc. 17-2 at 73). The state court dismissed the motion on December 9, 2010. (Id. at 102). He filed a second motion for release on September 22, 2014. (Id. at 117). The second motion was dismissed on October 22, 2014. (Id. at 142). On December 17, 2014, Hunt was prohibited from filing further pro se pleadings concerning his case. (Id. at 169). Nevertheless, he filed a state petition for writ of habeas corpus on February 13, 2020.

2

(Id. at 172).  Florida's Second DCA denied the petition on March 10, 2020.  (Id. at 182).  He filed a second state petition for writ of habeas corpus on August 12, 2020, which was denied on August 24, 2020.  (Id. at 185, 193).

Hunt provided his 28 U.S.C. § 2254 petition to prison officials for mailing on July 13, 2021.[1]

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for habeas corpus proceedings.  28 U.S.C. § 2244(d).  The period begins to run from the latest of four possible start dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

---

[1] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which—absent contrary evidence—is the date it was signed. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

>    Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). It is unclear from his petition whether Hunt challenges his original 1973 rape conviction or the revocation of his parole. In an abundance of caution, and because it provides Hunt the benefit of more time to file his petition, the Court will calculate Hunt's limitations period from the January 14, 2009 revocation of his parole.

The provision of § 2241(d)(1) that applies to parole revocations is unsettled, but the Eleventh Circuit recognizes that, "regardless of whether § 2244(d)(1)(D) or § 2244(d)(1)(A) governs," the § 2244 limitations period on a parole revocation begins running—at the latest—on the day after the entry of the order revoking parole. Chambers v. Fla. Parole Comm'n, 257 F. App'x 258, 259-60 (11th Cir. 2007).

### A. The petition is untimely under 28 U.S.C. § 2244(d).

The order revoking Hunt's parole was entered on January 14, 2009. Therefore, absent statutory or equitable tolling, he had one year, or until January 15, 2010, to file his federal habeas petition. See San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) (recognizing that the AEDPA limitations period begins to run on day after triggering event); Downs v. McNeil, 520 F.3d

4

1311, 1318 (11th Cir. 2008) ("[T]he limitations period should be calculated according to the anniversary method, under which the limitations period expires on the anniversary of the date it began to run." (internal quotation marks omitted))

Hunt did not file his habeas petition until July 13, 2021. (Doc. 1). Therefore, it was filed 4197 days late unless tolling principals apply to render it timely.

**B. Hunt is not entitled to statutory tolling of the AEDPA statute of limitations.**

The AEDPA statute of limitations may be tolled in certain situations. For example, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" towards the AEDPA's one-year statute of limitation. 28 U.S.C. § 2244(d)(2).

On March 23, 2009, Hunt filed a motion to correct an illegal sentence. (Doc. 17-2 at 30-36). This tolled the statute of limitations after 67 days of the AEDPA limitations period had passed. The clock started again on January 20, 2010, when mandate issued on appeal from the denial of the motion. (Id. at 71). Absent additional tolling motions, the 28 U.S.C. § 2254 petition was due on November 14, 2010.

Hunt filed no further motions in state court until his motion for release on November 29, 2010. (Doc. 17-2 at 73). However,

5

neither this motion—nor any of the other motions filed thereafter—tolled or restarted the AEDPA's one-year statute of limitations because the limitations period expired on November 14, 2010. A state-court petition or motion filed after the expiration of the federal limitations period, as this one was, "cannot toll that period because there is no period remaining to be tolled." Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001). And "[w]hile a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired." Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) (quotation marks omitted). Accordingly, Hunt is not entitled to statutory tolling of the one-year AEDPA limitations period.

### C. Hunt is not entitled to equitable tolling of the AEDPA statute of limitations.

The AEDPA's one-year statute of limitations may also be equitably tolled in certain cases. First, equitable tolling may apply if a petitioner shows that he has pursued his rights diligently and that some "extraordinary circumstance" stood in his way to prevent timely filing of his habeas petition. See Holland v. Florida, 560 U.S. 631, 649 (2010).

Hunt argues in his reply that he is entitled to equitable tolling because he "has been pursuing his constitutional rights diligently, but never received a response" to an "amended" appeal

6


motion that he filed in September of 1974. (Doc. 20 at 2). However, Hunt's judgment and sentence were affirmed on January 15, 1975 in a written opinion—after he filed the amended appeal. (Doc. 17-2 at 9-12). And the Court rejects any argument that Hunt has been waiting for a response to his amended appeal for over 45 years, or that his patience in doing so reflects the diligence required to entitle him to equitable tolling. Hunt is not entitled to equitable tolling of the AEDPA's one-year statute of limitation under the rules set forth in Holland.

Next, the Supreme Court has held that a claim of "actual innocence, if proved, serves as a gateway" to overcome the expiration of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). However, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. The McQuiggin Court "stress[ed] . . . that the Schlup standard is demanding" and "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the

7

outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 569 U.S. at 401 (quoting Schlup, 513 U.S. at 316).

In the sole ground for relief in his habeas petition, Hunt asserts that he is being illegally detained under "false imprisonment." (Doc. 9 at 11). Even if the Court liberally construes this ground as raising a claim of actual innocence, Hunt does not present any new evidence showing that he is actually innocent of the crime for which he was convicted. See Schlup, 513 U.S. at 324. Accordingly, McQuiggin's actual innocence exception does not operate to excuse Hunt's failure to timely file his federal habeas petition.

### III. Conclusion

Based on the foregoing, the Court concludes that Hunt's 28 U.S.C. § 2254 petition was filed after the expiration of the AEDPA's one-year period for filing such petitions and that he is not entitled to federal review of his habeas claims through any recognized exception to the time bar.

Accordingly, it is ordered that:

1. The 28 U.S.C. § 2254 petition filed by Theodus Hunt is **DISMISSED with prejudice** as time barred.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

### Certificate of Appealability[2]

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 276 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Further, to obtain a certificate of appealability when, as here, dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 483-84

---

[2] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.

(2000). Hunt has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Because Hunt is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Fort Myers, Florida on July 18, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to: Theodus Hunt,
Counsel of Record

10